IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| MONTRELL DENNARD LANDRUM, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 113-212 |
| | ) | |
| RONNIE STRENGTH, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff Montrell Dennard Landrum, an inmate previously incarcerated at Coastal State Prison ("C.S.P.") in Garden City, Georgia, filed the above-captioned civil rights case pursuant to 42 U.S.C. § 1983, concerning events that allegedly occurred at the Richmond County Sheriff's Department in Augusta, Georgia. He is proceeding *pro se* and requested permission to proceed *in forma pauperis* ("IFP"). On December 3, 2013, the Court directed Plaintiff to return his Prisoner Trust Fund Account Statement and Consent to Collection of Fees forms within thirty (30) days and advised Plaintiff that all prisoners, even those proceeding IFP, must pay the filing fee of $350.00 in full. 28 U.S.C. § 1915(b)(1). Plaintiff was cautioned that failure to respond would be an election to have this case voluntarily dismissed without prejudice. (See doc. no. 3.)

This time period has expired, yet Plaintiff has failed to provide a properly completed Prisoner Trust Fund Account Statement or a signed Consent to Collection of

Fees form.[1] Moreover, Plaintiff's service copy of the Court's December 3rd Order was returned, marked "Not at C.S.P./Unable to forward." (Doc. no. 4, p. 1.) Thus, in addition to failing to provide the necessary forms, Plaintiff has failed to provide the Court with a valid address and thereby saddled the Court with a stagnant case.

The Eleventh Circuit has stated that "[a] district court has inherent authority to manage its own docket 'so as to achieve the orderly and expeditious disposition of cases.'" Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc., 556 F.3d 1232, 1240 (11th Cir. 2009) (quoting Chambers v. NASCO, Inc., 501 U.S. 32, 43 (1991)). This authority includes the power to dismiss a case for failure to prosecute or failure to comply with a court order. Id. (citing Fed. R. Civ. P. 41(b)); see also Hyler v. Reynolds Metal Co., 434 F.2d 1064, 1065 (5th Cir. 1970)[2] ("It is well settled that a district court has inherent power to dismiss a case for failure to prosecute . . . ."). Moreover, the Local Rules of the Southern District of Georgia dictate that an "assigned Judge may, after notice to counsel of record, *sua sponte* . . . dismiss any action for want of prosecution, with or without prejudice . . . [for] failure to prosecute a civil action with reasonable promptness." Loc. R. 41.1(c).

Plaintiff's failure to provide the Court with a valid address amounts not only to a

---

[1]Plaintiff cannot proceed IFP unless he submits the requisite Trust Fund Account Statement and consents to the collection of the entire $350.00 filing fee in installments. Wilson v. Sargent, 313 F.3d 1315, 1319, 1321 (11th Cir. 2002) (*per curiam*) (citing 28 U.S.C. § 1915).

[2]In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

2

failure to prosecute, but also an abandonment of his case. This is precisely the type of neglect contemplated by the Local Rules. Furthermore, because Plaintiff sought permission to proceed IFP, the Court finds the imposition of monetary sanctions not feasible, even if there were an address to serve any such notice of the imposition of sanctions.

The Court recognizes that Plaintiff is proceeding *pro se* and acknowledges that courts have voiced a dislike for the harshness of dismissing a *pro se* case with prejudice prior to an adjudication on the merits.[2] See, e.g., Minnette v. Time Warner, 997 F.2d 1023, 1027 (2d Cir. 1993); Dickson v. Ga. State Bd. of Pardons & Paroles, No. 1:06-CV-1310-JTC, 2007 WL 2904168, at *6 (N.D. Ga. Oct. 3, 2007). Thus, the Court is simply recommending dismissal without prejudice until such time as Plaintiff is willing to file his case <u>and pursue it</u>.

For the reasons set forth herein, the Court **REPORTS** and **RECOMMENDS** that this case be **DISMISSED**, without prejudice.

SO REPORTED and RECOMMENDED this 21st day of January, 2014, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE

---

[2] Unless the Court specifies otherwise, a dismissal for failure to prosecute operates as an adjudication on the merits. See Fed. R. Civ. P. 41(b).

3